I concur in the result, because I agree that MS Life failed to timely appeal the trial court's denial of its motion to compel arbitration. I write specially to emphasize my opinion that nonsignatories can compel arbitration with signatories when the claims against the nonsignatories are sufficiently intertwined with the claims against the signatories. See my dissent in Isbellv. Southern Energy Homes, Inc., 708 So.2d 571, 584 (Ala. 1997), as well as Justice Maddox's dissent in First American TitleInsurance Corp. v. Silvernell, [Ms. 1980521, Oct. 1, 1999] ___ So.2d ___ (Ala. 1999).
MS Life is a beneficiary of the contract between Roberson and Bay Chevrolet. The dispute between Roberson and Bay Chevrolet concerns whether the agent made misrepresentations involving the life insurance and disability policies; the resolution of this dispute will directly affect MS Life. The trial court has already determined that the claims against Bay Chevrolet and its salesman, Adams, should be arbitrated. There is no reason why the claim against MS Life, which is based on the same transaction, should be resolved in a different forum.
Had MS Life timely appealed the trial court's denial of its motion to compel arbitration, MS Life would be entitled to arbitrate Roberson's claims against it. Because the appeal was untimely, I concur in the judgment granting Roberson's petition for the writ of mandamus.